SAMUEL D. WARREN, and others,

*vs.*

WESTBROOK MANUFACTURING COMPANY.

Cumberland.    Opinion June 1, 1895.

</div>

*Waters.   Riparian Owners.   Pleading.*

Where the plaintiffs in their writ declare that they are owners of lands and mills on both sides of the western channel of a river, divided into two channels by an island, and are also owners of the dam across the western channel; and that a third person, not a party to the action, is the owner of lands and mills on the western or island side of the eastern channel and is also owner of the west half of the dam across that channel; that defendant has opened, and kept open, sluices and gates in the east half of the dam across the eastern channel; it appearing that the plaintiffs do not allege any ownership or interest in the east half of the eastern dam, nor allege any riparian rights in the eastern channel, *Held;* that the plaintiffs base their right of action solely upon their riparian rights in the western channel; and that no

fact is stated from which the court can infer that the defendant has violated any legal duty, or exceeded its lawful rights.

It is not the case of letting water down upon a lower riparian owner in unnatural quantities, nor of flowing water back upon an upper riparian owner. See *Warren* v. *Westbrook Manufacturing Co.* ante, p. 58.

ON EXCEPTIONS.

The case is stated in the opinion.

*H. W. Gage and C. A. Strout, Warren and Brandeis,* with them, for plaintiffs.

*J. W. Symonds, D. W. Snow and C. S. Cook,* for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, WHITEHOUSE, WISWELL, JJ.

HASKELL and STROUT, JJ., having been of counsel, did not sit.

EMERY, J.    This action at law arose out of the same general controversy that gave rise to the equity cases between some of the same parties, reported ante, page 58, and in 77 Maine, 437, and in 86 Maine, 32.    Reference is made to those reports for descriptions of the situation.

The gist of the plaintiffs' declaration in this action is ; that they are the owners of lands and mills on both sides of the western channel of the Presumpscot river at Saccarappa Upper Falls, and also owners of the dam across that channel ; that a third person (not a party to this action) is the owner of lands and mills on the western or island side of the eastern channel, and is also the owner of the west half of the dam across that channel ; that the defendant has opened and kept open sluices and gates in the east half of the dam across the eastern channel, whereby the plaintiffs' head of water in the western channel has been materially reduced.    The plaintiffs do not allege any ownership or interest in this east half of the eastern dam, nor do they allege any riparian rights in the eastern channel.    They base their right of action solely upon their riparian rights in the western channel.

They do not charge the defendant with widening or deepening the eastern channel ; nor with removing or lessening any natural obstruction in that channel ; nor with any interference with the

natural flow of the water in either channel. The gravamen of the offense as alleged is, that the defendant removed or lessened some artificial obstructions to the flow of the water in the eastern channel, obstructions not on any lands of the plaintiffs, but presumably on lands of the defendant.

In our former opinion, 86 Maine, 32, we stated that, in the absence of any modifying statute, contract or prescription, the rights and duties of the riparian owners upon these two channels were substantially as follows : The riparian owners on either channel were entitled to have flow through their channel so much of the water of the whole river as would naturally flow there and no more. They could not lawfully widen or deepen or otherwise improve their channel in such a way as to lessen the natural flow of water in the other channel. They were not bound to erect or keep up any dam or other artificial obstruction in their channel in order to increase or preserve the flow of water in the other channel.

In this declaration the act of the defendant in making open - ings through the east half of the eastern dam, an artificial obstruction, (presumably on its own property and admittedly not on the property of the plaintiffs) is stigmatized as wrongful and injurious ; but no fact is. stated from which the court can infer that the defendant thereby violated any legal duty, or exceeded its lawful rights. It is not a case of letting water down in unnatural quantities upon a lower riparian owner, nor of flowing water back upon an upper riparian owner.

*Exceptions sustained.*